(Reap. Dec. 9497)

FILJAY IMPORTS *v.* UNITED STATES

Entry No. 870605, etc.

(Decided August 26, 1959)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the entered

unit values less the addition made under duress to meet the advances by the Appraiser in similar cases covering non-dutiable F.O.B. charges for inland freight, insurance premium, storage, hauling and lighterage and that the issues involved are similar in all material respects to the issues involved in *Filjay Imports* v. *United States*, Reap. Dec. 8560.

IT IS FURTHER STIPULATED AND AGREED .that there was no higher domestic value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof may be submitted for decision on the foregoing stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is, in each instance, the entered unit value, less the addition made under duress to meet the advances by the appraiser in similar cases covering nondutiable f.o.b. charges for inland freight, insurance premiums, storage, hauling, and lighterage.

Judgment will be rendered accordingly.